```
               IN THE UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION


                  CASE NO:  3:13-cv-845-J-32JBT

THOMAS JAMES COVENANT and
JEFFREY MARCUS GRAY,              Jacksonville, Florida

        Plaintiffs,

    -vs-                          Date: July 8, 2015

MARK HARRISON MAHON and
MIKE WILLIAMS,                    Time:  11:00 a.m.

        Defendants.                       Courtroom:  10B
_____

                       TELEPHONIC HEARING
         BEFORE THE HONORABLE MARCIA MORALES HOWARD
                 UNITED STATES DISTRICT JUDGE






OFFICIAL COURT REPORTER:

    Cindy Packevicz, RPR, FCRR
    221 N. Hogan Street, #128
    Jacksonville, FL  32202
    Telephone:  904.301.6843  Fax:  904.301.6847

      (Proceedings reported by stenography; transcript
   produced by computer.)
```

<u>A P P E A R A N C E S</u>

(via speakerphone)

COUNSEL FOR PLAINTIFFS:

    **ANDREW M. BONDERUD, Esquire**
    The Bonderud Law Firm, PA
    Suite 202
    814 SR A1A N
    Ponte Vedra Beach, FL  32082


COUNSEL FOR DEFENDANT WILLIAMS:

    **JON R. PHILLIPS, Esquire**
    **CRAIG D. FEISER, Esquire**
    City of Jacksonville
    Office of General Counsel
    St. James Bldg - Suite 480
    117 W Duval Street
    Jacksonville, FL  32202


COUNSEL FOR DEFENDANT MAHON:

    **MICHAEL LOCKAMY, Esquire**
    Bedell, Dittmar, DeVault, Pillans
       & Coxe
    101 E Adams Street
    Jacksonville, FL  32202


ALSO PRESENT:

    CHIEF JUDGE MAHON.

```
 1                      P R O C E E D I N G S
 2   July 8, 2015                                      11:00 a.m.
 3                         *   *   *   *   *
 4            THE COURT:  This is 3:15-CV-845-J-32JBT.  It is
 5   Thomas James Covenant and Jeffrey Marcus Gray versus Mark
 6   Harrison Mahon, in his official capacity as Chief Judge of the
 7   Fourth Judicial Circuit of Florida, and Mike Williams, in his
 8   official capacity as the Sheriff of Jacksonville, Duval County,
 9   Florida.
10            Counsel, beginning with the plaintiff, if you would
11   please make your appearances for the record.
12            MR. BONDERUD:  Good morning, Your Honor.  Andrew
13   Bonderud on behalf of the plaintiffs.
14            MR. PHILLIPS:  Jon Phillips on behalf of the sheriff.
15   And I also have Craig Feiser in here with me, and he's also
16   appearing on behalf of the sheriff.
17            MR. LOCKAMY:  Michael Lockamy of the Bedell firm here
18   for Chief Judge Mahon, who is sitting here with me.
19            CHIEF JUDGE MAHON:  And, Your Honor, if I may -- our
20   procedure requires -- this is Mark Mahon.  Our procedure
21   requires that we first take these matters to the Attorney
22   General's Office so that they make an initial determination as
23   to whether they're going to provide counsel in these matters.
24   To date, in lawsuits of this nature, they have not.
25            I spoke with the general counsel for the office of
```

1  state court administration this morning, and he advises he will
2  forward the copy of the complaint to the Attorney General's
3  Office, but pending that, he suggested that I have some type of
4  counsel.  So that's why I have Mr. Lockamy here.
5              THE COURT:  All right.  So, Mr. Lockamy, is this just
6  a limited appearance at this stage of the proceedings?
7              MR. LOCKAMY:  Yes, Your Honor.
8              THE COURT:  Okay.  Fair enough.  Obviously this case
9  is assigned to Judge Corrigan, and I'm definitely not Judge
10 Corrigan.  He happens to be out of town.  But given the
11 exigency of the relief that's requested in the motion, I
12 stepped in on his behalf.
13             Mr. Bonderud filed a complaint yesterday on behalf of
14 Mr. Covenant and Mr. Gray, and it's Document No. 1, and he also
15 filed a motion requesting a temporary restraining order
16 enjoining the enforcement of the Fourth Judicial Circuit's
17 July 1, 2015, Administrative Order.  It's identified in the
18 complaint as Administrative Order 2015-3, which addresses
19 courthouse security and videotaping on the Duval courthouse
20 grounds, and also filed a memorandum in support of that.
21             But Mr. Bonderud, I understand that there has been
22 some developments since these filings, and so I think maybe we
23 should start with you telling me where we are.
24             MR. BONDERUD:  Thank you, Your Honor.  May it please
25 the Court.

1           I have received word and reviewed a new
2  administrative order that appears to supersede the order that
3  was the basis for our complaint and the basis for our motion of
4  temporary restraining order.
5           The new order does appear to remove what -- what
6  plaintiffs viewed to be the most objectionable provision,
7  specifically the prior restraint viewpoint-based restrictions
8  of speech.
9           We don't think the new administrative order addresses
10 everything.  It certainly does not.  And I understand -- I
11 presume that there would be a dispute between defendants and
12 plaintiffs with regard to entitlement to relief as to the other
13 provisions of the original administrative order that we viewed
14 to be objectionable.
15          In light of the new administrative order, we
16 anticipate that defendants might suggest that this would be a
17 moot point, but plaintiffs' position is that this has
18 likelihood of repetition while awaiting review, and we would
19 ask Your Honor to decide the merits of the complaint as filed.
20          And I also, through the grapevine, read that and
21 understand that Chief Judge Mahon might be coordinating with
22 counsel for various larger media organizations in Jacksonville
23 to try to craft a subsequent administrative order that
24 addresses the remaining First Amendment objections.
25          We were heartened by that, but, again, we think that

1   at this point we have filed a lawsuit and we think even this
2   new order, which contains many of the same objectionable
3   provisions as the original order contains, we think that it
4   would still be proper for the Court to enter the requested
5   restraining order so that the Court can have an opportunity to
6   have the matter fully briefed, and just kind of have a -- have
7   a pause before more and more administrative orders are entered.
8           THE COURT:  Well, it would be moot for me to enter an
9   order granting the relief that you're requesting because the
10  relief that you're requesting in the motion is to enjoin
11  enforcement of 2015-3.  And as I understand it, that has now
12  been superseded and is withdrawn.
13          I think your argument with regard to it being capable
14  of repetition by avoiding review, I think, goes to whether the
15  case is moot, and it -- you may very well have an argument on
16  that.  Obviously I would have to hear from you-all.
17          But to the extent that you're requesting that I
18  consider -- or that you're asking me to consider the specific
19  request in this motion, I don't see how that's not moot.
20          I think what you're asking me, perhaps, is to enjoin
21  the enforcement of this -- what is apparently a new
22  administrative order, which I've never seen; it hasn't been
23  filed in the record.  Perhaps what you're intending to do is to
24  file a renewed motion.
25          But I guess I don't understand, Mr. Bonderud, how I

1  can act at this -- given where we are at this stage of the
2  proceedings, how I -- how I could enjoin the enforcement of the
3  no-longer-enforced order, in terms of a TRO, because what is
4  the -- what is the irreparable harm of that prior order at this
5  point in time?
6              I guess -- are you understanding the distinction that
7  I'm making?
8              MR. BONDERUD:  I sure do.  I sure do, Your Honor.
9  And perhaps what would be appropriate for plaintiffs to do, as
10 Your Honor has suggested, would be to -- for us to go ahead and
11 file a renewed motion for temporary restraining order, attach
12 the new administrative order, and we'll file a renewed
13 memorandum of law addressing our objections to that as
14 submitted explaining why we think there's irreparable harm from
15 this new order.  And we probably have to file an amended
16 complaint as well.
17             So we can do that, Your Honor.  We understand Your
18 Honor's issue as phrased.
19             THE COURT:  Let me just, you know, anticipating that
20 that was likely -- that there likely would be an amended
21 complaint and a renewed TRO, I did have a couple of questions
22 that, I think, whether it's me or whether it's Judge Corrigan,
23 it would help us to understand.
24             And that is, you filed it as a motion for temporary
25 restraining order under Rule 65 and Rule 4.05 of our local

1 rules, which anticipates a ruling without notice and without an
2 opportunity to be heard.  Yet you had given notice and you
3 graciously put that in your pleadings that you had notified the
4 General Counsel's Office.
5             And so it looks -- I think that what I'm interpreting
6 your request to be is not so much as a -- not so much a TRO
7 without notice and an opportunity to be heard, but rather a TRO
8 in that the Court does not delay the matter for the 14-day
9 notice period that is required for a preliminary injunction.
10             Is that -- am I understanding that correctly?
11             MR. BONDERUD:  Yes, Your Honor.  In an abundance of
12 caution, we wanted to make sure that, for consideration of due
13 process, that defendants had as much of an opportunity to be
14 heard as possible.
15             So the reason why we filed a motion for TRO instead
16 of a motion for preliminary injunction was because of the
17 extraordinary and expedited nature of the relief that we're
18 seeking.  It was more of a timeline issue, yes, Your Honor.
19 That's why we filed the motion for TRO.
20             THE COURT:  Okay.  And so it would be -- would be the
21 plaintiffs' expectation that if you filed a renewed motion,
22 that the Court would set an expedited hearing and perhaps an
23 expedited briefing schedule, something shorter, obviously, than
24 the preliminary injunction, but would have a hearing on the
25 matter and allow both sides to address the Court; is that

```
 1   right?
 2              MR. BONDERUD:  That would be fine, Your Honor.  We
 3   have no problem with that.
 4              THE COURT:  All right.  So Mr. Phillips and
 5   Mr. Lockamy, I guess what -- I think what I'm hearing -- and
 6   I'm going to ask Mr. Bonderud to correct me if I'm wrong.  I
 7   think what I'm hearing is that the plaintiffs agree that the
 8   current motion for temporary restraining order is moot, and
 9   that what they intend to do is to file an amended complaint.
10   And if they feel appropriate, an amended -- or a renewed motion
11   for a TRO.  And under the rules, they have a right to file an
12   amended complaint at this stage of the proceedings.
13              Before I talk to the defendants, Mr. Bonderud, do I
14   have that right?
15              MR. BONDERUD:  Yes, Your Honor.  The only -- and I
16   don't know if we were to file -- just one more comment.  If we
17   were to file it as a motion for preliminary injunction,
18   especially in light of the fact that, as Chief Judge Mahon has
19   articulated, explanation for the process that's going on right
20   now with regard to who's going to be representing him, we
21   wouldn't want that to contribute to any kind of additional
22   delay in briefing or having this matter heard.
23              But, yes, we will agree that our motion as filed and
24   the complaint that's filed is moot, and we will agree that we
25   will file amended pleadings.
```

|   |   |
|---|---|
| 1 | THE COURT: Okay. So -- and thank you for that |
| 2 | clarification, Mr. Bonderud. |
| 3 | So, Mr. Phillips, is there anything that you want to |
| 4 | add, then, to where we are, at least at this stage of the |
| 5 | proceedings? |
| 6 | MR. PHILLIPS: No, Your Honor. |
| 7 | THE COURT: And, Mr. Lockamy, I recognize that you're |
| 8 | somewhat hindered, given your limited appearance, but is there |
| 9 | anything that you want to address? |
| 10 | MR. LOCKAMY: No, Your Honor. I think you've |
| 11 | identified the appropriate process that's going to take place. |
| 12 | THE COURT: All right. Give me just a moment. |
| 13 | All right. I think what I'm going to do is just |
| 14 | enter a -- well, I'll just reflect in the minutes of the |
| 15 | proceeding that the plaintiffs have agreed that the -- that |
| 16 | with the new administrative order, which supersedes 2015-3, |
| 17 | that the motion currently before the Court, which is Document |
| 18 | No. 2, is moot, and I'm not going to put any deadlines on when |
| 19 | the plaintiff files their -- plaintiffs, pardon me -- file |
| 20 | their amended complaint. Because you have the right to file an |
| 21 | amended complaint, so it's really simply at your leisure, |
| 22 | Mr. Bonderud. We'll defer to you to decide how -- how quickly |
| 23 | you need to get that filed. |
| 24 | And obviously any motion directed at that pleading |
| 25 | will be taken up once it is filed, whether it's a motion for a |

```
 1   TRO or a motion for preliminary injunction, that's up to you as
 2   well, but it will certainly get the Court's attention when
 3   filed.
 4              MR. BONDERUD:  Thank you very much, Your Honor.
 5              THE COURT:  Okay.  So if there's nothing further?
 6        All right.  Hearing none, we will be in recess.
 7        Thank you gentlemen for convening on such short
 8   notice.
 9              MR. BONDERUD:  Thank you, Your Honor.
10              MR. PHILLIPS:  Thank you, Your Honor.
11              (Proceedings concluded at 11:15 a.m. )
12                          -  -  -
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

UNITED STATES DISTRICT COURT)

MIDDLE DISTRICT OF FLORIDA  )

    I hereby certify that the foregoing transcript is a true and correct computer-aided transcription of my stenotype notes taken at the time and place indicated herein.

    Dated this 14th day of July 2015.

                                     /s/Cindy L. Packevicz

                                     Cindy L. Packevicz, RPR, FCRR